32 A.3d 1

**In the Matter of Ira C. COOKE for Reinstatement
to the Bar of Maryland.**

**Misc. Docket AG No. 82, Sept. Term, 2007.**

Court of Appeals of Maryland.

Nov. 28, 2011.

M. Albert Figinski of Law Offices of Peter G. Angelos, Baltimore, MD, for Petitioner.

Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland, for Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, * MURPHY, ADKINS and BARBERA, JJ.

## ORDER

Upon consideration of the papers filed in this matter, oral argument having been heard, and a final vote having been taken on the petition for reinstatement by the Court (Judge Murphy not participating in the final vote because he retired and was not eligible for recall at the time of the final vote), which resulted in a tie (3–3), it is this *28th* day of *November* 2011,

ORDERED, that the petition of Ira C. Cooke for reinstatement to the Bar of Maryland be, and the same is, hereby denied, by operation of Section 14 of the Maryland Constitution which provides, in pertinent part that:

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court; he did not participate in the decision and adoption of this order.

Five of the judges shall constitute a quorum, and five judges shall sit in each case unless the Court shall direct that an additional judge or judges sit for any case. The concurrence of a majority of those sitting shall be sufficient for the decision of any cause, and an equal division of those sitting in a case has the effect of affirming the decision appealed from if there is no application for reargument as hereinafter provided. In any case where there is an equal division or a three to two division of the Court a reargument before the full Court of seven judges shall be granted to the losing party upon application as a matter of right.

For purposes of applying this section to the matter at hand, the language "affirming the decision appealed from" is construed to refer here to Mr. Cooke's earlier disbarment (by consent). Thus, the failure of his petition for reinstatement to garner a majority of the sitting judges who participated in the final vote on his petition results in the denial of his petition and maintenance of his disbarment, subject to the reargument provisions of Section 14.